HILARY POTASHNER (Bar No. 167060)
Federal Public Defender
BRIANNA FULLER MIRCHEFF (Bar No. 243641)
(Email: Brianna_Mircheff@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Tel: 213-894-4784
Fax: 213-894-0081

Attorneys for Petitioner
WALTER KINCAID

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| WALTER KINCAID,<br><br>　　　　Petitioner,<br><br>　　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Respondent. | Case No. CV 16-4628-PSG<br><br>Case No. CR 08-1167-PSG<br><br>**OPPOSITION TO EX PARTE APPLICATION TO STAY PROCEEDINGS PENDING *BECKLES V. UNITED STATES*** |

　　　Petitioner Walter Kincaid, through undersigned counsel, hereby respectfully opposes the government's ex parte application to stay his case.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　HILARY POTASHNER
　　　　　　　　　　　　　　　　Federal Public Defender

DATED: September 6, 2016　　　By  /s/ *Brianna Fuller Mircheff*
　　　　　　　　　　　　　　　　BRIANNA FULLER MIRCHEFF
　　　　　　　　　　　　　　　　Deputy Federal Public Defender

1

**OPPOSITION TO EX PARTE APPLICATION TO STAY 2255 MOTION PENDING *BECKLES V. UNITED STATES***

## I. INTRODUCTION

Petitioner Walter Kincaid, by and through his attorney, Deputy Federal Public Defender Brianna Fuller Mircheff, hereby opposes the government's motion to stay his case pending *Beckles v. United States*. The government seeks a significant stay before the parties even *begin* briefing, in a case where Mr. Kincaid is likely already overserving his sentence, if he is granted relief. Because there is a "fair possibility" that the proposed stay would affect Mr. Kincaid's ability to obtain the relief sought in this Motion, this Court should deny the relief sought by the government.

## II. PROCEDURAL HISTORY

Mr. Kincaid is serving a 140-month sentence based on a conviction for conspiracy to distribute and possess with intent to distribute oxycodone, in violation of 21 U.S.C. §§ 846, and 841(a)(1), (b)(1)(C). Without the finding that he was a career offender, Mr. Kincaid's offense level would have been set at 10 rather than 29. His guideline range would have been 24-30 months under the PSR's calculation, rather than 151-188 months.[1]

On June 24, 2016, Mr. Kincaid filed a Motion to Vacate his sentence under 28 U.S.C. § 2255, arguing that his guideline range was improper under *Johnson v. United States*. The Court ordered a response no later than July 25, 2016. On July 19, 2016, in response to the government's unopposed ex parte application to continue the briefing schedule, the Court ordered a response no later than August 26, 2016. On August 25, 2016, in response to the government's second unopposed application to continue the

---

[1] The PSR found that the offense level was 9 absent the application of the career offender guideline, but both parties noted in their position papers that Mr. Kincaid would have been eligible only for 2 reduction points for acceptance of responsibility, rather than three, since the total offense level fell below 16. The applicable Guidelines range, assuming an offense level of 10, would have been 24-30 months.

briefing schedule, the Court ordered a response no later than September 2, 2016. On September 2, 2016, the government filed an ex parte application for a stay in Mr. Kincaid's case to wait for a Supreme Court case that still has yet to be calendared.

Mr. Kincaid has been in custody since December 15, 2008. (*See* PSR cover page.) Had he received a sentence even at the high end of the non-career-offender guideline range instead of the sentence he actually received, he would have been released on February 19, 2011.[2]

### III.  ARGUMENT

This Court should – as a number of the district courts in this District have already done – reject the government's request to stay this case pending *Beckles*. Order, *United States v. Pettis*, 8:16-cv-1081-DOC (C.D. Cal. July 18, 2016) (noting that "judicial economy alone is not enough to justify a potentially lengthy stay in habeas cases," concluding that the government had failed to show any hardship justifying a stay, and finding that "there is a fair possibility Petitioner would be prejudiced" by a stay) (citation and quotation marks omitted); Order, *Thomas v. United States*, 8:16-cv-01025-AG (C.D. Cal. July 29, 2016) ("[E]very day delaying resolution of their Section 2255 Motions means an additional day that Petitioners are potentially unconstitutionally detained. Such potential prejudice that affects Petitioners' liberty interests vastly outweighs any purported benefit to staying these proceedings."); Order, *Richmond v. United States*, 5:16-cv-1252-VAP (C.D. Cal. July 29, 2016) (finding a "fair possibility" of prejudice where the defendant would be in a position to seek a time served sentence, and finding that the government had shown no hardship sufficient to justify the stay).[3]

---

[2] With good time credit, an inmate will serve 26 months and 4 days of a 30-month sentence.

[3] Because the government has filed pleadings quibbling with petitioners' claims that the majority of opposed stays have been denied, an appendix indexing the state of the stay litigation in this district is attached; it breaks out cases where the petitioners stipulated that they would not suffer prejudice if a stay were entered and thus agreed not to oppose the stay, and two pro se cases where no opposition was filed.

2

These orders denying stays have all been grounded in the high standard for stays. Both the Supreme Court and Ninth Circuit strongly disfavor long or potentially indefinite stays to wait for a higher authority to decide the case. In *Landis v. North America Co.*, 299 U.S. 248 (1936), the district court stayed a civil proceeding pending a Supreme Court decision in a case called *Electric Bond and Share*. The district court reasoned that "even if it should not dispose of all the questions involved," *Electric Bond and Share* "would certainly narrow the issues in the pending cases and assist in the determination of the questions of law involved." *Id.* at 253. The Supreme Court recognized the inherent power of each court to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," but it nevertheless vacated the stay. *Id.* at 254, 259. Specifically, the Court held that "if there is even a fair possibility that the stay . . . will work damage to someone else," the party seeking the stay "must make out a clear case of hardship or inequity." *Id.* at 255. Indeed, "[o]nly in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both." *Id.*; *see Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[W]hile it is the prerogative of the district court to manage its workload, case management standing alone is not necessarily a sufficient ground to stay proceedings." (citing *Landis*, 299 U.S. 248)).

The concerns against a stay are amplified in habeas corpus proceedings, where the petitioner is in prison.[4] In *Yong v. I.N.S.*, 208 F.3d 1116 (9th Cir. 2000), the Ninth Circuit concluded that staying a habeas proceeding to await an opinion from an appellate court set to resolve the ultimate issue was an abuse of discretion. The Ninth

---

[4] Any stay order in a habeas case is immediately appealable to the Ninth Circuit. *See Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000) ("Yong filed a petition in this court seeking a writ of mandamus to compel the district court to vacate its stay and rule on Yong's habeas petition. A motions panel denied the petition, concluding the stay order could be appealed directly.").

Circuit reasoned that "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Id*. at 1120. Because the petitioner is in prison, the court had "never authorized, in the interests of judicial economy, an indefinite, potentially lengthy stay in a habeas case." *Id.* (citations omitted). The writ "is reduced to a sham . . . if trial courts do not act within a reasonable time." *Id.* (citations omitted). It is for this reason that the statute requires the district court to "summarily hear and determine the facts, and dispose of a [habeas petition] as law and justice require." *Id.* (quoting 28 U.S.C. § 2243).

Of course, the "indefinite" stay in *Yong* was not literally indefinite -- the case was put on hold to wait for a decision in *Ma v. Reno*, 208 F.3d 815 (9th Cir. 2000). *Yong*, 208 F.3d at 1118. *Ma* was pending in the Ninth Circuit and had been put on a highly expedited schedule. *See* Dkt. 7, *Ma v. Reno*, 99-35976 (9th Cir.) (expediting case, putting briefing on a highly compacted schedule, and setting oral argument for a calendar only two and a half months away). Even so, in light of the hardship to the incarcerated petitioner, even that level of delay was deemed intolerable.

The requested stay here is at least as intolerable. *Beckles* has not yet even been calendared or fully briefed. While not literally indefinite, it is not clear when the Court will rule in *Beckles*; it could be close to a year. And, of course, the Court does not always rule on cases once it has granted certiorari. *See, e.g., Duncan v. Owens*, 136 S. Ct. 651 (2016) (dismissing certiorari as improvidently granted); *United States v. Davis*, 825 F.3d 1014, 1016 (9th Cir. 2016) (en banc) (describing "fractured opinion" from Supreme Court); *United States v. Texas*, 136 S.Ct. 2271 (2016) (per curiam) (affirming judgment of court of appeals by an equally divided Court). Thus, staying this case pending *Beckles* amounts both to an indefinite stay and a potentially lengthy one -- at least as "indefinite and lengthy" as the stay in *Yong*. Relying on *Yong*, the district courts of this District have generally denied the government's request for stays, as shown in the attached appendix. This Court should do the same -- if only to avoid the

4

constitutional questions regarding suspension of the writ that would otherwise be raised. *See Yong*, 208 F.3d at 1117.

Moreover, prior to *Beckles*, the district courts of this Circuit often granted relief to career-offender defendants. *See United States v. Gentry*, 2016 WL 3647331, at *6 (D. Or. July 7, 2016) (rejecting the government's argument that *Johnson* is not retroactive to the guidelines); *see also Gibson v. United States*, No. C15-5737-BHS, ECF No. 27 (W.D. Wash. Jun. 15, 2016) ("[T]he Government *concedes* that Ninth Circuit precedent holds that substantive rules apply retroactively to guideline calculations" (citing *Reina-Rodriguez v. United States*, 655 F.3d 1182, 1189 (9th Cir. 2011)) (emphasis added)); Order Granting Motion to Vacate, *Gilbert v. United States*, 2016 WL 3443898, at *5 (W.D. Wash. June 23, 2016) (finding that, under *Reina-Rodriguez*, "when a new rule is substantive as applied to the ACCA, it is also substantive as applied to the Guidelines"); *United States v. Stamps*, 4:13-cr-239-CW, Dkt. 57, at 10 (N.D. Cal. Jun. 29, 2016) (granting § 2255 motion, finding *Johnson* retroactive to career offenders based on *Reina-Rodriguez*, and finding "there is no Ninth Circuit or Supreme Court authority" to support the government's retroactivity argument).

The government will no doubt dispute Mr. Kincaid's eligibility for substantive relief -- and it will have every opportunity to do so, in its opposition to the § 2255 motion. That is not enough to warrant a stay before briefing has even begun. If the Court finds, as other district courts have, that *Reina-Rodriguez* controls its decision, this Court must apply it now: "[O]nce a federal circuit court issues a decision, the district courts within that circuit are bound to follow it and have no authority to await a ruling by the Supreme Court before applying the circuit court's decision as binding authority." *Yong*, 208 F.3d at 1119-21 & n.2. And if it does not, then the Court can reach the merits and decide that issue against Mr. Kincaid, after full briefing.

As for the district courts that have received full briefing on the question, the grant of certiorari in *Beckles* has not stemmed the tide of orders granting relief under

5

*Johnson*: *United States v. Stamps*, 4:13-cr-239-CW, Dkt. 57, at 10 (N.D. Cal. Jun. 29, 2016); *United States v. Tomisser*, 2:11-cr-2115-EFS, Dkt. 81 (E.D. Wash. July 11, 2016) (granting relief in a career offender case, finding *Johnson* retroactive, and setting sentencing hearing); *Gentry*, 2016 WL 3647331; *United States v. Hoopes*, 3:11-cr-425-HZ, Dkt. 43(D. Or. July 5, 2016) (granting relief in a career offender case, finding *Johnson* retroactive and ordering immediate resentencing, shortly after government filed stay motion in the same case); *Pressley v. United States*, 2:16-cv-510-RSL, Dkt. 18 (W.D. Wash. Aug. 11, 2016) (granting relief in a 2K2.1 guideline case, finding *Johnson* retroactive). Each of these courts no doubt knew that certiorari had been granted in *Beckles*. But as between judicial economy and the rights of individuals in custody, the courts threw in with those in custody. This Court should do the same.

Most importantly, a stay will prejudice Mr. Kincaid. As set out above, Mr. Kincaid is likely already overserving even a high-end guideline sentence by several years, should he prevail on this Motion. Thus, prompt resolution of Mr. Kincaid's § 2255 motion to vacate is appropriate. The standard does not require that he prove with absolute certainty that he will be prejudiced, but only a "fair possibility" that this will occur. *Landis*, 299 U.S. at 255. Mr. Kincaid can certainly meet that standard.

Against that hardship, the Court must weigh the strength of the justification given for it. *Yong*, 208 F.3d at 1119. The government has not alleged any hardship to itself; its motion appears to be based in concerns about judicial economy. But, without minimizing the pressures on the Court's time, "habeas proceedings implicate special considerations that place unique limits on a district court's authority to stay a case in the interests of judicial economy." *Id.* at 1120; *see also id.* ("The application for the writ usurps the attention and displaces the calendar of the judge or justice who entertains it and receives prompt action from him within the four corners of the application." (citing *Ruby v. United States*, 341 F.2d 585, 587 (9th Cir. 1965))).

The government acknowledges that the Ninth Circuit has recently dissolved the stays in its lead career-offender cases. (Application at 3-4.) And, in the past weeks, the

Court has granted a number of second-or-successive petitions raising career-offender claims, finding a "prima facie" case of relief. *See, e.g.*, Order, *Valenzuela v. United States*, 16-71183 (granting career-offender second-or-successive petition). That it has not done so in each of the hundreds of cases does not – contrary to the government's argument – mean that the Court is "holding" those petitions; in all likelihood, it reflects nothing more than the work flow of the Ninth Circuit in responding to the volume of *Johnson* petitions filed.

Even if the Court is inclined at this juncture to wait for *Beckles* to decide the case -- and to be clear, Petitioner does not believe it should -- the Court should still deny the requested stay. Based on the answers filed in other *Johnson* cases in this district, *Beckles* will not settle all of the questions presented in Mr. Kincaid's motion -- it is the beginning, not the end, of the process. At the very least, then, rather than permitting many months of dead time, the Court should require the parties to complete briefing -- briefing that both sides have largely already prepared in the context of other petitions -- and then decide whether it is necessary to wait for *Beckles* to decide the case.[5]

---

[5] The government states that it is "optimistic" it will prevail on the merits, yet fails to acknowledge that the Sixth Circuit has joined the Fourth Circuit in finding *Johnson* retroactively applicable on collateral review to career offender cases, including those that arose post-*Booker*. *See In re Patrick*, ___ F.3d ___, 2016 WL 4254929, at *7 (6th Cir. Aug. 12, 2016). (Application at n.1.)

For these reasons, Mr. Kincaid asks this Court to deny the government's request for a stay pending *Beckles*. Any hardship caused to the government -- and they have not specifically alleged any -- is dwarfed by the prospect of a delay of many months that would raise a fair possibility of prejudice to Mr. Kincaid.

                              Respectfully submitted,

                              HILARY POTASHNER
                              Federal Public Defender

DATED: September 6, 2016        By /s/ *Brianna Fuller Mircheff*
                              BRIANNA FULLER MIRCHEFF
                              Deputy Federal Public Defender

# **Appendix**

### ***Opposed* Stay Applications *Denied* in this District (33)**

*Pettis v. United States*, 8:16-cv-1081-DOC (C.D. Cal. July 15, 2016)
*Willis v. United States*, 2:16-cv-3814-TJH (C.D. Cal. July 19, 2016)
*Carter v. United States*, 2:16-cv-3746-TJH (C.D. Cal. July 19, 2016)
*Bell v. United States*, 16-cv-3818-TJH (C.D. Cal. July 21, 2016)
*Repp v. United States*, 2:16-cv-3964-TJH (C.D. Cal. July 21, 2016)
*Branagh v. United States*, 8:16-cv-1031-JVS (C.D. Cal. July 22, 2016)
*Robinson v. United States*, 2:16-cv-4513-SJO (C.D. Cal. July 22, 2016)
*Willis v. United States*, 2:16-cv-4161-TJH (C.D. Cal. July 26, 2016)
*Alvarado v. United States*, 2:16-cv-4411-GW (C.D. Cal. July 26, 2016)
*Hoff v. United States*, 2:16-cv-4457-CBM (C.D. Cal. July 27, 2016)
*Long v. United States*, 2:16-cv-4464-CBM (C.D. Cal. July 27, 2016)
*Franklin v. United States*, 2:14-cv-4652-DSF (C.D. Cal. July 27, 2016)
     (Motion for Reconsideration denied Aug. 3, 2016)
*Wilson v. United States*, 2:16-cv-3902-DSF (C.D. Cal. July 28, 2016)
*Barbosa v. United States*, 2:16-cv-3855-DSF (C.D. Cal. July 28, 2016)
*Gaona v. United States*, 2:16-cv-3860-DSF (C.D. Cal. July 28, 2016)
*Clegg v. United States*, 8:16-cv-1006-AG (C.D. Cal. July 29, 2016)
*Thomas v. United States*, 8:16-cv-1025-AG (C.D. Cal. July 29, 2016)
*Richmond v. United States*, 5:16-cv-1252-VAP (C.D. Cal. July 29, 2016)
*Sims v. United States*, 2:16-cv-4522-TJH (C.D. Cal. Aug. 2, 2016)
*Lopez-Gonzalez v. United States*, 2:16-cv-4353-TJH (C.D. Cal. Aug. 2, 2016)
*Simmons v. United States*, 2:16-cv-4152-TJH (C.D. Cal. Aug. 5, 2016)
*Herd v. United States*, 2:16-cv-3694-R (C.D. Cal. Aug. 9, 2016)
*Espinoza v. United States*, 2:16-cv-4014-MWF (Aug. 12, 2016)
*Bustos v. United States*, 5:16-cv-1326-TJH (C.D. Cal. Aug. 12, 2016)
*Ortega v. United States*, 2:16-cv-4442-TJH (C.D. Cal. Aug. 12, 2016)
*Santos v. United States*, 2:16-cv-3973-JAK (C.D. Cal. Aug. 15, 2016)
*Curiale v. United States*, 8:16-cv-1123-CJC (C.D. Cal. Aug. 18, 2016)
*Torres v. United States*, 8:16-cv-1053-DOC (C.D. Cal. Aug. 22, 2016)
*Lebron v. United States*, 8:16-cv-1094-DOC (C.D. Cal. Aug. 22, 2016)
*Gavaldon v. United States*, 8:16-cv-1112-DOC (C.D. Cal. Aug. 22, 2016)
*Garcia v. United States*, 8:16-cv-1065-DOC (C.D. Cal. Aug. 22, 2016)
*Fernandez v. United States*, 8:16-cv-1143-DOC (C.D. Cal. Aug. 22, 2016)
*Raygosa-Esparza v. United States*, 5:16-cv-1084-VAP (C.D. Cal. Aug. 23, 2016)

*Unopposed* **Stay Applications** *Granted* **in this District (9)**
*Dong v. United States*, 8:14-cv-0998-JVS (C.D. Cal. July 18, 2016)
*Ramos v. United States*, 2:16-cv-3900-RGK (C.D. Cal. July 20, 2016)
*Taylor v. United States*, 2:15-cv-1611-PSG (C.D. Cal. July 20, 2016)
*Basulto v. United States*, 2:16-cv-4021-RGK (C.D. Cal. July 20, 2016)
*Campos v. United States*, 2:16-cv-1845-PA (C.D. Cal. July 27, 2016)
*Perez v. United States*, 8:16-cv-1124-JVS (C.D. Cal. July 29, 2016)
*Holloway v. United States*, 2:16-cv-4427-DSF (C.D. Cal. Aug. 1, 2016)
*Hernandez v. United States*, 2:16-cv-3897-TJH (C.D. Cal. Aug. 2, 2016)
*Baltimore v. United States*, 2:16-cv-4365-TJH (C.D. Cal. Aug. 9, 2016)

*Pro Se* **Cases – Stay Applications** *Granted* **in this District (2)**
*Wilson, Jr. v. United States*, 2:15-cv-10025-JFW (C.D. Cal. July 12, 2016)
*Morales v. United States*, 2:16-cv-4455-ODW (C.D. Cal. July 12, 2016)

*Opposed* **Stay Applications** *Granted* **in this District (10)**
*Campos v. United States*, 2:16-cv-3832-TJH (C.D. Cal. July 22, 2016)
*Melena v. United States*, 2:16-cv-3857-TJH (C.D. Cal. July 26, 2016)
*Scott v. United States*, 5:16-cv-1284-TJH (C.D. Cal. July 29. 2016)
*Telles v. United States*, 2:16-cv-4337-ODW (C.D. Cal. July 29, 2016)
*Alvarado v. United States*, 2:16-cv-3661-TJH (C.D. Cal. Aug. 1, 2016)
*Moreno v. United States*, 2:16-cv-4410-RSWL (C.D. Cal. Aug. 1, 2016)
*White v. United States*, 2:16-cv-4065-GHK (C.D. Cal. Aug. 1, 2016)
*Flores v. United States*, 2:16-cv-4504-TJH (C.D. Cal. Aug. 2, 2016)
*Schnyder v. United States*, 2:16-cv-4006-RGK (C.D. Cal. Aug. 5, 2016)
*Patterson v. United States*, 2:16-cv-4063-JFW (C.D. Cal. Aug. 18, 2016)