EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
J. MARK CHILDS (Cal. Bar No. 162684)
Assistant United States Attorney
OCDETF Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-2433
     Facsimile: (213) 894-0142
     E-mail: Mark.Childs@usdoj.gov

Attorneys for Plaintiff-Respondent
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 08-1167-PSG |
| --- | --- |
| Plaintiff-Respondent, | CV 16-4628-PSG |
| v. | GOVERNMENT'S REPLY IN SUPPORT OF ITS MOTION TO STAY PETITION UNDER 28 U.S.C. § 2255 |
| WALTER KINCAID, | |
| Defendant-Petitioner. | |

Plaintiff-Respondent United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorney J. Mark Childs, hereby files its reply in support of its ex parte application to stay defendant-petitioner WALTER KINCAID ("defendant") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

///

///

///

This reply is based upon the attached memorandum of points and authorities, the files and records in this case, and such further argument as the Court may permit.

Dated: September 6, 2016          Respectfully submitted,

EILEEN M. DECKER
United States Attorney

LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division


          /s/
J. MARK CHILDS
Assistant U.S. Attorney

Attorneys for Plaintiff-Respondent
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

As the government explained in its application, this Court should stay proceedings related to defendant's § 2255 motion because the Supreme Court in Beckles v. United States, No. 15-8544, --- S. Ct. ---, 2016 WL 1029080 (June 27, 2016) (order granting certiorari), will soon resolve questions that, if resolved in the government's favor, will dispose of defendant's motion.

In opposing the requested stay, defendant asserts that the government's efforts have been rejected "in a number" of district courts in this Circuit; that the requested stay is "intolerable" and improper under the Ninth Circuit's decision in Yong v. INS, 208 F.3d 1116 (9th Cir. 2000); that other district courts in this Circuit have granted relief to career-offender defendants; and that the requested stay will prejudice defendant.  Each of these assertions is meritless and distracts from the foremost issues here:  whether this Court may properly issue a stay in light of Beckles's forthcoming guidance.[1]

First, the government's attempt to stay proceedings pending Beckles has not been largely rejected by district courts in this Circuit.  The reality is that different courts have taken different approaches to the government's consistent position that all § 2255

---

[1] If this Court were to decide defendant's motion now, the losing party would undoubtedly appeal given the pendency of Beckles. The government's requested stay avoids this extra round of litigation, as well as the extra litigation in this Court that will ensue if the appealing party prevails.  Moreover, if the government is the losing party, it may seek a stay in the Ninth Circuit, and if the Ninth Circuit follows what it did initially in Gardner v. United States, No. 15-72559, and Jacob v. United States, No. 15-73302 (as discussed in the government's application) and grants a stay, then defendant will not obtain relief.  (The Ninth Circuit lifted the stay orders in Gardner and Jacob on August 1, 2016.)

proceedings presenting the Beckles questions should be stayed.[2] At the Circuit level, as noted in the government's stay application, the Second Circuit in a published opinion recently (in the context of granting permission for a petitioner to file a second or successive § 2255 motion) directed the district court "to hold [the petitioner's] § 2255 motion in abeyance pending the outcome of Beckles," United States v. Blow, --- F.3d ---, 2016 WL 3769712, *2 (2d Cir. July 14, 2016); the Sixth Circuit did something similar, see In re Embry, No. 16-5447, --- F.3d ---, 2016 WL 4056056 (6th Cir. July 29, 2016) ("We therefore grant the motion and transfer the case to the district court, to be held in abeyance pending the Supreme Court's decision in Beckles v. United States."); the Eighth Circuit has stayed numerous of its cases, see, e.g., Dkt. No. 5, Billy Garrison v. United States, No. 16-2748 (8th Cir. July 7, 2016) (order); see also Dkt. No. 4 at 1 n.1, Garrison, supra (8th Cir. filed July 5, 2016) (motion citing previous stays); the Tenth Circuit

---

[2] Unlike the government, which has been consistent in its position regardless which side (the government or the defense) appears to be currently "winning," the organized indigent defense bar has not. Indeed, while opposing most stay requests, when convenient for them and their clients, many Federal Public Defender's offices ("FPDOs") have sought stays pending Beckles themselves. See, e.g., Dkt. No. 10, Lucas v. United States, 9:16-cv-81139 (S.D. Fla. filed July 14, 2016) (FPDO for the Southern District of Florida); Dkt. No. 4, Thibeaux v. United States, No. 4:16-cv-760 (W.D. Mo. filed July 13, 2016) (FPDO for the Western District of Missouri); Dkt. No. 6, Perry v. United States, No. 16-3079 (8th Cir. filed July 11, 2016) (FPDO for the Eastern District of Arkansas); Dkt. No. 2, In re: Fields, No. 16-10949 (5th Cir. filed June 30, 2016) (FPDO for the Northern District of Texas); Dkt. No .2, In re: Mitchell, No. 16-60457 (5th Cir. filed June 30, 2016) (FPDO for the Southern District of Mississippi); Dkt. No. 2, In re: Ortiz, No. 16-50799 (5th Cir. filed June 30, 2016) (FPDO for the Western District of Texas); Dkt. No. 5, Fisher v. United States, No. 1:16-cv-178 (E.D. Mo. filed June 28, 2016); Dkt. No. 6, Estevez v. United States, No. 16-1626 (1st Cir. filed June 27, 2016) (FPDO for the District of Massachusetts); Dkt. No. 5, United States v. Vizcaino, No. 16-1753 (1st Cir. filed June 27, 2016) (FPDO for the District of Maine).

has stayed at least one of its cases, see July 6, 2016, Order, United States v. Rollins, No. 15-1459; and the First Circuit has arguably gone the furthest by removing its lead case from its oral argument calendar and staying it over the defense's objection, see Dkt. No. 13, Fields v. United States, No. 16-1280 (1st Cir. July 8, 2016).

    At the district court level, some district courts have imposed near-blanket district-wide stays.  See, e.g., United States v. Blankenship, 12-cr-00641-HG, Dkt. 73 (D. Haw. July 8, 2016); United States v. Bell, 09-cr-00014-DWM, Dkt. 126 (D. Mont. June 29, 2016). One even did so before the grant of certiorari in Beckles.  See In re Case Management of § 2255 Motions to Be Filed Pursuant to *Johnson v. United States*, Standing Order No. 16-002 (D. Utah May 31, 2016). Other district courts have left the decision to individual judges, with the results being mixed.  In this district, for example, Judges Walter, Wright, Klausner, Gutierrez, Anderson, Lew, and King have all granted stays, while Judge Hatter has granted some and denied some, Judge Fischer has granted one and denied some, Judge Selna has granted two and denied one, Judges Marshall, Guilford, and Carter and Chief Judge Phillips have denied some, and Judges Otero, Wu, Real, Fitzgerald, Kronstadt, and Carney have each denied one.[3]  See Appendix, attached hereto.

---

[3] The petitioners in United States v. Wilson, Jr., 15-CV-10025-JFW (C.D. Cal. July 12, 2016), and United States v. Morales, 16-CV-4455-ODW (C.D. Cal. July 12, 2016), are proceeding pro se.  Their pro se status, however, is irrelevant to whether this Court should proceed further in this case before receiving the benefit of Beckles. The legal questions presented by Beckles and in all of this Court's cases in which the government is seeking stays is the same, such that Beckles would apply equally to all of them.  Nor is a defendant's pro se status any indication of the strength or weakness of his ultimate claim.  For example, in this Court's case in Wilson, the defendant had to obtain permission from the Ninth Circuit to proceed with his
*(footnote cont'd on next page)*

3

Second, the stay requested by the government is neither "intolerable" nor precluded by the Ninth Circuit's decision in Yong. Yong involved a habeas petition under 28 U.S.C. § 2241 by a person in INS custody who was effectively subject to an indefinite detention (he had been ordered deported to Cambodia, but the United States had no agreement with the Cambodian government to repatriate former Cambodian citizens). 208 F.3d at 1118. Yong claimed that this indefinite detention was unconstitutional, and this precise issue was then pending before the Ninth Circuit in Ma v. Reno, 208 F.3d 815 (9th Cir. 2000). That being so, the district court stayed the case "pending resolution of the appeal" in Ma. Yong, 208 F.3d at 1117. Because this stay was effectively "indefinite" -- the stay extended through any possible appeals, including an appeal to the Supreme Court and any ensuing remand to the Court of Appeals, and thus could potentially last "for years" -- the Ninth Circuit held the stay "require[d] a greater showing to justify it" than would normally be the case. Id. at 1119. The stay in Yong did not meet this heightened standard. The primary reason for that stay was to "conserve judicial resources," and the Ninth Circuit held that "although considerations of judicial economy are appropriate, they cannot justify the indefinite, and potentially lengthy stay imposed here." Id. at 1120-21. This was especially true given the competing equities: the stay precluded Yong from challenging his indefinite detention, which the Ninth Circuit found was a "significant burden [] not outweighed by any substantial benefit to the INS." Id. at 1121.

---

second or successive § 2255 motion and, in granting that permission, the Ninth Circuit found that "Petitioner's application for authorization to file a second or successive 28 U.S.C. § 2255 motion makes a prima facie showing under Johnson." (C.A. No. 15-73778, Dkt. No. 11.)

4

The heightened requirement for justifying a stay that applied in Yong, however, is not implicated here.

A stay in this case will last only a matter of months. The Supreme Court will issue a decision in Beckles during the upcoming term, by next winter or spring.[4] Moreover, it is highly unlikely that the Supreme Court in Beckles will fail to decide the issue whether Johnson v. United States, 135 S. Ct. 2551 (2015), is retroactive to the Guidelines. That was the question presented in the petition for certiorari, and that was the question on which the Supreme Court granted certiorari. Nor is there any reason to believe that the Court will dismiss the certiorari petition as improvidently granted. The question whether Johnson applies retroactively is raised in thousands of cases around the country. Three Courts of Appeals have already held that Johnson does not apply retroactively to Guidelines challenges on collateral review, while two have held (in the context of a then-mandatory Guidelines sentence) that Johnson does so apply. See Donnell v. United States, No. 15-2581, --- F.3d ---, 2016 WL 3383831, *3 (8th Cir. Jun. 20, 2016); In re Arnick, No. 10-10611, --- F.3d ---, 2016 WL 3383487, *1 (5th Cir. Jun. 17, 2016) (per curiam); In re Griffin, No. 16-12012-J, --- F.3d ---, 2016 WL 3002293, *5 (11th Cir. May 25, 2016); but see In re Hubbard, No. 15-276, --- F.3d ---, 2016 WL 3181417, *7 (4th Cir. June 8, 2016) (mandatory Guidelines case); In re Patrick, No. 16-5353, --- F.3d ---, 2016 WL 4254929 (6th Cir. Aug. 12, 2016) (same). The Supreme Court

---

[4] Although the Court has not yet set Beckles for argument, but as of this date, the Court has set only few cases for argument for the upcoming term. That Beckles was not one of those few is not surprising; it was among the first twenty-five cases granted for the upcoming term, but not among the first few.

5

granted certiorari to resolve that conflict and decide the retroactivity issue. By contrast, the stay granted in Yong affected "only . . . cases before a single district court judge in a single judicial district." 208 F.3d at 1121. Nor should this Court speculate that the Supreme Court may not rule in Beckles, especially because that prospect apparently did not stop the other Circuits referenced above from staying their cases.[5]

Also, this case does not involve a defendant subject to a potentially indefinite detention, and so does not present the same balancing of equities as Yong. Defendant merely challenges an advisory Guideline calculation that preceded the Court's imposition of a perfectly lawful sentence, i.e., one below the statutory maximum. Here, the parties have an interest in having this motion resolved correctly, and the Court and the government have additional interests in ensuring that similarly situated defendants are treated the same and that undeserved windfalls are avoided.[6]

Third, defendant's reliance on district court decisions granting relief does not accurately reflect the government's likelihood of success on the merits in Beckles. Indeed, the weight of Circuit authority on the precise retroactivity question at issue here is firmly in the government's favor. The district court decisions

---

[5] For example, last term, the Supreme Court was only equally divided four times. See http://www.scotusblog.com/wp-content/uploads/2016/06/SB_index_OT15.pdf.

[6] For example, if this Court were to deny the government's stay request, grant defendant's motion, resentence him to a sentence that permits his immediate release (which is unquestionably the result he seeks), and the Supreme Court were to decide that Johnson is not applicable in the present context, he would receive a windfall that would not be available to all other defendants. The only check on that windfall would be a government appeal and appellate stay of proceedings. This Court should not countenance such inefficiency.

6

defendant cites, which relied on Reina-Rodriguez v. United States, 655 F.3d 1182 (9th Cir. 2011), say little about how the Supreme Court will resolve the retroactivity question.

It is important to note that Reina-Rodriguez is not controlling as a doctrinal matter. There, the Ninth Circuit held that an earlier case limiting the reach of the Armed Career Criminal Act's ("ACCA") definition of burglary announced a new substantive rule and that, because that rule was substantive, it applied retroactively on collateral review in a case where the defendant was challenging the district court's Guidelines calculation. Id. at 1189. But the Ninth Circuit never considered the argument being advanced by the government in Beckles and that the government would advance here: that in the context of the advisory Guidelines system, a rule limiting (or eliminating) a Guidelines enhancement cannot be substantive because, unlike in the ACCA context, such a rule does not subject the defendant to a sentence beyond the statutory maximum. Because "[q]uestions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents," Reina-Rodriguez is not controlling. Webster v. Fall, 266 U.S. 507, 511 (1925); accord Sakamoto v. Duty Free Shoppers, Ltd., 764 F.2d 1285, 1288 (9th Cir. 1985) ("[U]nstated assumptions on non-litigated issues are not precedential holdings binding future decisions.").

Moreover, even if Reina-Rodriguez were controlling, courts may stay cases when the Supreme Court is poised to decide the issue presented even when the governing circuit court has spoken on that question. See, e.g., Ganezer v. DirectBuy, Inc., 571 F.3d 846 (9th Cir. 2009) (vacating judgment and remanding "with directions to stay

7

proceedings pending a decision by the United States Supreme Court" in a case from the Ninth Circuit where certiorari had been granted to answer a controlling legal issue); United States v. Urrutia, 897 F.2d 430, 433 n.2 (9th Cir. 1990) (vacating special assessment but stating that "[t]he district court may, of course, stay further proceedings regarding the assessments pending the Supreme Court's decision" in a case from the Ninth Circuit where certiorari had been granted to resolve the controlling legal issue).  Perhaps most importantly, if Reina-Rodriguez were truly dispositive of the retroactivity question, the Ninth Circuit presumably would have already ruled on this issue and forced the government to either seek en banc Circuit review or file a so-called "hold petition" for a writ of certiorari.[7]

    Fourth, the fact remains that there is nothing unconstitutional or unlawful about defendant's current sentence.  What defendant has identified is a purported error in the Court's calculation of his advisory Guidelines range.  He has identified no illegality in the actual sentence itself -- as distinguished from the process that the Court used in arriving at the sentence.  Indeed, the Court already determined that, applying the sentencing factors in 18 U.S.C. § 3553(a), defendant's sentence was just and appropriate.  The Court could easily conclude that this remains true today even if defendant's total offense level were reduced because of the removal of the Career Offender enhancement.

---

[7] When the Supreme Court already has an issue before it on its plenary-review docket, losing parties with cases presenting the same question typically file short petitions for writs of certiorari asking the Court to hold the petition and then dispose of it appropriately once the plenary-review case is decided.  In opposing the government's stay application, defendant is asking this Court to move the government one step closer to an analogous position vis-à-vis the Ninth Circuit and its docket.

Finally, denying the requested stay while waiting for <u>Beckles</u> would be woefully inefficient and require the Court and the parties to devote extensive resources on briefing that would be unnecessary if the Supreme Court rules in the government's favor.  Moreover, there is a still a distinct possibility that additional briefing would be required because other substantive issues raised in defendant's petition have also been raised in other cases and may be addressed by the Ninth Circuit or other district courts while <u>Beckles</u> is pending.

In sum, the government's stay request seeks to prevent this Court from deciding an issue that the Supreme Court will decide in the next several months.  If the Supreme Court rules that <u>Johnson</u> is not retroactive to the Guidelines, this Court can deny the petition immediately.  If the Supreme Court rules that <u>Johnson</u> is retroactive to the Guidelines, this Court can proceed on the petition without waiting for a remand from the Ninth Circuit.  Thus, the government's request seeks both judicial efficiency and a proper resolution of defendant's petition after the Supreme Court has decided the key question presented.  For these reasons, the stay should be granted.

**APPENDIX**

**Cases in this District in which Stays Have Been Granted**

United States v. Wilson, 15-CV-10025-JFW (C.D. Cal. July 12, 2016);

United States v. Morales, 16-CV-4455-ODW (C.D. Cal. July 12, 2016);

United States v. Dong, 14-SACV-998-JVS (C.D. Cal. July 18, 2016);

United States v. Ramos, 16-CV-3900-RGK (C.D. Cal. July 20, 2016);

United States v. Basulto, 16-CV-4021-RGK (C.D. Cal. July 20, 2016);

United States v. Taylor, 16-CV-1611-PSG (C.D. Cal. July 20, 2016);

United States v. Campos, 16-CV-3832-TJH (C.D. Cal. July 22, 2016);

United States v. Melena, 16-CV-3857-TJH (C.D. Cal. July 26, 2016);

United States v. Campos, 16-CV-1845-PA (C.D. Cal. July 28, 2016);

United States v. Perez, 16-SACV-1124-JVS (C.D. Cal. July 29, 2016);

United States v. Scott, 16-CV-1284-TJH (C.D. Cal. July 29, 2016);

United States v. Telles, 16-CV-4337-ODW (C.D. Cal. July 29, 2016);

United States v. Alvarado, 16-CV-3661-TJH (C.D. Cal. Aug. 1, 2016);

United States v. Moreno, 16-CV-4410-RSWL (C.D. Cal. Aug. 1, 2016);

United States v. White, 16-CV-4065-GHK (C.D. Cal. Aug. 1, 2016);

United States v. Holloway, 16-CV-4427-DSF (C.D. Cal. Aug. 1, 2016);

United States v. Hernandez, 16-CV-3897-TJH (C.D. Cal. Aug. 3, 2016);

United States v. Flores, 16-CV-4504-TJH (C.D. Cal. Aug. 3, 2016);

United States v. Schnyder, 16-CV-4006-RGK (C.D. Cal. Aug. 5, 2016);

United States v. Diaz, 16-CV-3835-PSG (C.D. Cal. Aug. 8, 2016);

United States v. Baltimore, 16-CV-4365-TJH (C.D. Cal. Aug. 9, 2016);

United States v. Patterson, 16-CV-4063-JFW (C.D. Cal. Aug. 18, 2016).

**Cases in this District in which Stay Applications Have Been Denied**

United States v. Pettis, 16-SACV-1081-DOC (C.D. Cal. July 15, 2016);

United States v. Willis, 16-CV-3814-TJH (C.D. Cal. July 19, 2016);

United States v. Carter, 16 CV-3746-TJH (C.D. Cal. July 19, 2016);

United States v. Bell, 16-CV-3818-TJH (C.D. Cal. July 21, 2016);

United States v. Repp, 16-CV-3964-TJH (C.D. Cal. July 21, 2016);

United States v. Branagh, 16-SACV-1031-JVS (C.D. Cal. July 22, 2016);

United States v. Robinson, 16-CV-4513-SJO (C.D. Cal. July 22, 2016);

United States v. Willis, 16-CV-4161-TJH (C.D. Cal. July 26, 2016);

United States v. Hoff, 16-CV-4457-CBM (C.D. Cal. July 27, 2016);

United States v. Long, 16-CV-4464-CBM (C.D. Cal. July 27, 2016);

United States v. Franklin, 14-CV-4652-DSF (C.D. Cal. July 27, 2016);

United States v. Alvarado, 16-CV-4411-GW (C.D. Cal. July 27, 2016);

United States v. Wilson, 16-CV-3902-DSF (C.D. Cal. July 28, 2016);

United States v. Clegg, 16-SACV-1006-AG (C.D. Cal. July 29, 2016);

United States v. Thomas, 16-SACV-1025-AG (C.D. Cal. July 29, 2016);

United States v. Richmond, 16-CV-1252-VAP (C.D. Cal. July 29, 2016);

United States v. Barbosa, 16-CV-3855-DSF (C.D. Cal. July 29, 2016);

United States v. Gaona, 16-CV-3860-DSF (C.D. Cal. July 29, 2016);

United States v. Lopez-Gonzalez, 16-CV-4353-TJH (C.D. Cal. Aug. 3, 2016);

United States v. Sims, 16-CV-4522-TJH (C.D. Cal. Aug. 3, 2016);

United States v. Simmons, 16-CV-4152-TJH (C.D. Cal. Aug. 8, 2016);

United States v. Herd, 16-CV-3694-R (C.D. Cal. Aug. 10, 2016);

United States v. Bustos, 16-CV-1326-TJH (C.D. Cal. Aug. 12, 2016);

United States v. Espinoza, 16-CV-4014-MWF (C.D. Cal. Aug. 12, 2016);

United States v. Ortega, 16-CV-4442-TJH (C.D. Cal. Aug. 12, 2016);

United States v. Santos, 16-CV-3973-JAK (C.D. Cal. Aug. 16, 2016);

United States v. Curiale, 16-SACV-1123-CJC (C.D. Cal. Aug. 18, 2016);
United States v. Torres, 16-SACV-1053-DOC (C.D. Cal. Aug. 22, 2016);
United States v. Fernandez, 16-SACV-1143-DOC (C.D. Cal. Aug. 22, 2016);
United States v. Garcia, 16-SACV-1065-DOC (C.D. Cal. Aug. 22, 2016);
United States v. Gavaldon, 16-SACV-1112-DOC (C.D. Cal. Aug. 22, 2016);
United States v. Lebron, 16-SACV-1094-DOC (C.D. Cal. Aug. 22, 2016);
United States v. Raygosa-Esparza, 16-CV-1084-VAP (C.D. Cal. Aug. 23, 2016).